UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PEDRO RESDENDIZ RESENDIZ,

Petitioner,

v.

DAVID VENTURELLA, et al.,

Respondents.

No. 1:26-cv-05052-DJC-CSK

ORDER

Before this Court is Petitioner's First Amended Petition for Writ of Habeas Corpus. ("FAP" (ECF No. 9).) For the reasons described below, the Petition is denied.

**BACKGROUND**

Petitioner is a citizen of Mexico currently in the custody of Immigration Customs and Enforcement ("ICE"). Petitioner first entered the country in May 2017, received an Expedited Removal Order, and was removed to Mexico shortly after. (Opp', Ex. 1 (ECF No. 6-1) at 2.) That month, Petitioner was removed two more times under the reinstatement of his prior removal order. (*Id.*) Petitioner re-entered the United States in 2019. (FAP (ECF No. 9) ¶ 4.) Between 2020 and 2023, Petitioner was arrested several times with serious charges. (*Id.* at 3.)

Petitioner was detained by immigration officials on October 14, 2025, while attempting to board a flight. (Opp', Ex. 1, at 2.) The same day, ICE reinstated

Petitioner's 2017 removal order. (FAP ¶ 6.) Petitioner is seeking relief from removal based on his claims that he was subject to torture in Mexico. (*Id.* ¶ 49.) The briefing on this matter is complete. (Pet. (ECF No. 1); Opp'n (ECF No. 6); Traverse (ECF No. 7); FAP; Mot. (ECF No. 10).)

**DISCUSSION**

Petitioner is currently detained pursuant to a reinstated final order of removal. (Opp'n at 1.) Noncitizens subject to reinstated removal orders who claim fear of removal are "limited to a determination of whether the alien is eligible for withholding or deferral of removal." *Johnson v. Guzman Chavez*, 594 U.S. 523, 531 (2021) (quoting C.F.R. §§ 208.2(c)(3)(i), 1208.2(c)(3)(i)). Withholding-only proceedings do not disturb the finality of a removal order. *Id.* at 539. Therefore, Petitioner's detention is governed by 8 U.S.C. §1231(a)(5).

Petitioner received his 2017 removal order through a "truncated" removal process known as "expedited removal," which is governed by 8 U.S.C. § 1225(b)(1)(A)(i). (FAP ¶¶ 5.) Petitioner argues that his detention is premised on a faulty removal order, and that his procedural due process rights have been violated, because the record shows that government failed to follow the regulations governing expedited removal. (*See* FAP ¶¶ 29–41, 75–76.) Petitioner specifically alleges that he never signed the form acknowledging receipt of his Form I-860, and that there is no evidence that an officer read Petitioner information contained on Form I-867A (FAP ¶¶ 38–40.)

The Court does not have jurisdiction to review these claims. Congress has sharply limited judicial review of expedited removal such that federal courts generally cannot review "the application of [§ 1225(b)(1)] to individual aliens, including the [credible fear] determination made under section 1225(b)(1)(B)." 8 U.S.C. § 1252(a)(2)(A)(iii). The statute permits habeas review of expedited removal orders only to make three specific determinations: 1) whether the petitioner is a noncitizen, 2) whether the petitioner was ordered removed under section 1225(b)(1), and 3)

whether the petitioner can prove by a preponderance of the evidence that he is a lawful permanent resident, admitted refugee, or asylee whose status has not been terminated. 8 U.S.C. § 1252(e)(2); *see also Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1140 (9th Cir. 2008); *Mendoza-Linares v. Garland*, 51 F.4th 1146, 1157 (9th Cir. 2022).

Petitioner contends that his claims fall within the second category of reviewable issues. (FAP ¶ 35.) However, inquiry into whether a petitioner was ordered removed is "limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). It does not permit courts to consider the adequacy of the regulatory process afforded to Petitioner. As such, the Court does not have jurisdiction to review Petitioner's claims. Indeed, the Ninth Circuit has found that materially identical arguments do not fall within the federal court's purview under section 1252. *Alvarado-Herrera v. Garland* 993 F.3d 1187, 1191–92 (9th Cir. 2021) (holding Petitioner's arguments that his expedited removal order was not "reviewed and approved by the appropriate supervisor" and that it was not clear whether the petitioner "sign[ed] the reverse of [Form I-860] acknowledging receipt" do not "fall within any of the categories of reviewable issues" established by section 1252(e)). Even assuming *arguendo* that Petitioner has presented a colorable constitutional claim, this Court would still not have jurisdiction. *Guerrier v. Garland*, 18 F.4th 304, 311 (9th Cir. 2021) (rejecting petitioner's claim that he warrants "an exception to the general rule that we lack jurisdiction to review challenges to expedited removal orders" based on presenting a "colorable constitutional claim" because "the Supreme Court "abrogated the 'colorable constitutional claim exception to the statutory limits on jurisdiction") (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)).

The Court next considers Petitioner's alternative claim that his detention pursuant to section 1231(a)(5) is indefinite and therefore unconstitutional. (FAP ¶¶ 58–67, 76 (citing *Zadvydas v. Davis,* 533 U.S. 678, 689 (2001).) *Zadvydas*

established via the canon of constitutional avoidance that a noncitizen's "post-removal-period detention" is limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The presumptive ceiling for this detention is six months, after which, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701; *see also Jennings v. Rodriguez*, 583 U.S. 281, 298–99 (2018). In other words, after six months, a detainee is entitled to release if they can provide good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, and the Government fails to rebut that showing. *Id.* at 701; *see also M.S.C.R. v. Lyons*, No. 1:26-CV-00594-DJC-EFB, 2026 WL 607998, at *1 (E.D. Cal. Mar. 4, 2026).

In considering the foreseeability of removal, courts in this Circuit have considered, inter alia, the length of Petitioner's detention, *Serrano Chavarria v. Warden of California City Det. Facility*, No. 1:26-cv-03693-DJC-CKD, 2026 WL 2720502, at *2 (E.D. Cal. Sept. 15, 2026); "what actions have been and are being taken in pursuing Petitioner's removal," *Castillo v. Chestnut,* No. 1:25-cv-01296-SAB-HC, 2026 WL 121652, at *13 (E.D. Cal. Jan. 16, 2026); whether travel documents have been issued, *William v. Chestnut*, 2026 WL 1622926, at *2; whether the "[removal country] is willing to take [Petitioner] pending a final denial of withholding," *Del Cid Cruz v. Mullin*, No. 2:26-CV-00853-APG-EJY, 2026 WL 1481533, at *3 (D. Nev. May 27, 2026); whether the appeal process is "nearing its end," *id.*; and, relatedly, whether there are procedural abnormalities slowing down the judicial process. *Serrano Chavarria,* 2026 WL 2720502, at *2.

Here, Petitioner argues only that he has been detained for over six months and that his prolonged detention is not likely to end in the reasonably foreseeable future because "[a]ssuming that the Court denies his request for protection under the

Convention Against Torture, he is likely to appeal the denial to the Ninth Circuit Court of Appeals." (FAP ¶ 76.) However, Petitioner cannot rely solely on the existence of normal removal proceedings to argue that his detention is indefinite. In *Prieto-Romero v. Clark*, the Ninth Circuit held that a noncitizen detainee's three-year detention during administrative and judicial review of his removal did not place him in "removable-but-unremovable limbo" contemplated by *Zadvydas*. 534 F.3d 1053, 1063 (9th Cir. 2008). The panel explained that pending judicial review alone does not "render…detention indefinite in the sense the Supreme Court found constitutionally problematic in *Zadvydas*." *Id*. at 1063–1064. Aside from his pending withholding-only proceedings, Petitioner has not pointed to any factor such as issues with travel documents or unusual delays in his process to support his argument that his removal is not reasonably foreseeable. Therefore, the Court cannot find that he has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

On the other hand, Respondents have pointed out several factors indicating that Petitioner's removal is reasonably foreseeable. Respondents assert that they can "promptly exercise" the removal order because Petitioner's has previously been removed to Mexico, Mexico accepts his repatriation, and his travel documents are available. (Opp'n at 5.) On the record before the Court, Petitioner's detention is therefore not indefinite and therefore unconstitutional. *See Prieto-Romero* 534 F.3d at 1053 (holding that removal was reasonably foreseeable where "the government introduced evidence showing that repatriations to Prieto–Romero's country of origin, Mexico, are routine and that the government stands ready to remove Prieto–Romero as soon as judicial review is complete"). Accordingly, Petitioner has not shown a valid basis for habeas relief.

///

///

///

## CONCLUSION

For the reasons set forth above, the Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No.9) is DENIED. The Clerk is directed to close the file in this case.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10-Resendiz-1-26-cv-05052.merits